James C. Church, for appellant.

Eugene Treadwell, for respondent.

HIRSCHBERG, J. The defendant appeals from an order continuing a preliminary injunction restraining, until final judgment, interference with the plaintiff's work of railroad construction in the town of Scarsdale, Westchester county. We recently reversed an order of precisely similar character, but relating to the town of Eastchester, in the county named, and which order was granted in an action between the parties to this appeal. The reversal was on the authority of prior decisions of this court in the cases, respectively, of Mary M. Dusenberry and of the village of Bronxville against this defendant (61 N. Y. Supp. 420, 719), wherein it was held that the duty rests on the company seeking affirmative relief to show that it has the necessary consents of property owners to constitute a valid franchise for the construction of its railroad in the street. It was further held that this burden must be borne by the moving party in an action between rival companies, notwithstanding the papers may show that the opposing company has no lawful right in the street. In that case (action No. 1 between the parties to this appeal), while the possession by the plaintiff of consents from abutting property owners as required by statute was alleged in the complaint, the fact was controverted by affidavit at the special term to an extent which compelled the conclusion that the plaintiff had wholly failed to sustain the required burden. In this case, however, there was no denial of the possession by the plaintiff of the required consents, excepting the general denial contained in the answer, while upon the argument of the appeal the consents were produced in court, and their legality and sufficiency passed substantially unchallenged by counsel. Under the circumstances, we are justified in assuming that the plaintiff has the consents required by law, and, as there is no other consideration presented requiring comment, the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

WAITE v. SABEL.

(Supreme Court, Appellate Division, First Department. October 13, 1899.)

1. PLEADINGS—NUMBERING PARAGRAPHS.
    Separately numbering the paragraphs in a pleading intended to set up only a single cause of action or defense does not vitiate the pleading, if but a single cause of action or defense is in fact pleaded.

2. REPLEVIN—ANSWER.
    Plaintiff in replevin pleaded title and right of possession from "one" C. After general denial, defendant alleged the delivery by "one" C. of the goods in question to him (defendant) under an agreement. *Held*, that the answer was not objectionable as not "showing who this C. was."

Appeal from special term, New York county.

Action by Oswald J. Waite against Joseph Sabel. Plaintiff demurred to defendant's answer. Overruled, and plaintiff appeals. Affirmed.

The following is the opinion of the court below (NASH, J.):

The several causes of action and defenses set up in a pleading should be distinguished by the phrase "for a further cause of action or defense," or something equivalent. Graves v. Blanchard, 4 How. Prac. 301. If stated in paragraphs separately numbered, it is sufficient. 4 N. Y. Law Bul. 31. But the statement of facts in separately numbered paragraphs, or alleged by mistake as separate causes of action, does not vitiate the pleading, if but a single cause of action or defense is in fact pleaded. Harris, J., in Hillman v. Hillman, 14 How. Prac. 458, 459; Daniels, J., in Weeks v. Cornwell, 9 Civ. Proc. R. 28. The paragraphs of the answer here should be read together, and construed to contain but one defense,—a denial of the plaintiff's right of possession, and an allegation of a special property and right of possession in the defendant. But the complaint and answer are examples of the vicious practice of separately numbering the paragraphs of a pleading intended to set up only a single cause of action or defense,—a practice which serves no useful purpose in pleading, and often tends to mislead or confuse. It is not required. The statement of the facts constituting each cause of action and each defense or counterclaim must be separately stated and numbered. No other numbering is required. Code, §§ 438, 507. The answer sets up a complete defense, being expressly within the terms of section 1720 of the Code.

The complaint alleges that the plaintiff derived his title and right of possession from "one" David B. Cassel, and, after the denial in the answer, it is alleged that "one" David B. Cassel delivered the goods to the defendant upon an agreement that the defendant should hold and sell the same to satisfy his general balance of account against Cassel, amounting to $2,300, and return the surplus to Cassel, and that at no time since the consignment have the goods been worth more than $2,300, etc. It is somewhat hypercritical for counsel to urge that there is no allegation in the answer "showing who this Cassel was," when the plaintiff himself alleges the ownership of David B. Cassel as the source of his title. Demurrer overruled, with costs. Decision signed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. L. Eckerson, for appellant.
J. Murphy, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.

---

(47 App. Div. 490.)

### In re GALL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. February 2, 1900.)

1. RIGHT TO APPEAL—PARTY AGGRIEVED.

Where, in an action against an administratrix and her surety, the defendants asked for an order requiring plaintiff to bring in a third party, and the request was denied, to the extent that an order was issued that the surety should bring in such party, the surety and the administratrix have a right to appeal from the order.

2. ADMINISTRATOR—ACTION ON BOND.

Where petitioner, having a claim against an estate, had presented it to the administratrix as required, and she had failed to give him notice of the final accounting, and had procured a decree for final settlement, in an action against her and her surety for the amount of the claim the heirs and creditors of the estate need not be made parties.